Filed 10/28/22  P. v. Lloyd CA2/3
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>COREY DWIGHT LLOYD,<br><br>    Defendant and Appellant. | B299456<br><br>(Los Angeles County<br>Super. Ct. No. TA019920) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quiñones, Judge.  Remanded with direction.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

In 1993, a jury convicted Corey Dwight Lloyd and two accomplices of kidnapping, forcible rape, and murder, with true findings on the special circumstance allegations that the murder was committed in the course of rape and kidnapping. The jury's verdicts did not definitively establish which defendant was the actual killer. In 2019, Lloyd petitioned for vacation of his murder conviction and resentencing pursuant to Penal Code[1] section 1172.6.[2] The trial court summarily denied the petition, concluding that, in light of the jury's special circumstance finding and the facts of the case, Lloyd was a major participant in the underlying felony who acted with reckless indifference to human life, and was thus ineligible for relief. We affirmed the order denying Lloyd's petition. (*People v. Lloyd* (Mar. 4, 2021, B299456) [nonpub. opn.].) Our California Supreme Court granted review and has now transferred to the matter back to us with the direction to vacate our decision and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Doing so, we conclude that the trial court's order must be reversed and the matter remanded for further proceedings.

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

## BACKGROUND

I.     The murder and Lloyd's conviction[3]

On May 3, 1992, 16-year-old M.H. spent the afternoon with friends at the Mendoza residence on West 98th Street in Los Angeles.  In the early evening, she went to the nearby residence of codefendant Ramon Lopez.  Lloyd, Lopez, and codefendant Joel Cortez, as well as other persons, were present.  The group began playing "spin the bottle."  As part of the game, M.H. removed her pants, but refused to remove her pantyhose or underwear.  When Cortez and another person went into a bedroom, M.H. went to the bedroom door to see what was going on inside.  Cortez—armed with a .380 firearm—pulled her into the room; Lloyd and Lopez followed.  All three defendants then "socked" M.H. in the face repeatedly and tried to remove her underwear.  Cortez hit her in the mouth with his gun.  Screaming, M.H. begged the men not to rape her.  Cortez retrieved a radio from the living room, returned to the bedroom, and played music loudly.

Ten to 15 minutes later, Lloyd and Lopez emerged from the bedroom.  Lopez armed himself with a nine-millimeter firearm.  Lloyd retrieved a .45 handgun from under a sofa.  Both men loaded the guns.  Cortez then exited the bedroom with M.H., who was walking with her legs apart.  She was bleeding and missing a tooth, but she was clothed.  Cortez socked her in the head and told her to walk straight.  All three defendants left with M.H.  They told her they would drop her off at a bus stop and she should say she was raped by "some 'Black guys.' "

---

[3]     The background is from this Division's prior opinion, of which we have taken judicial notice.  (Evid. Code, §§ 452, subd. (d), 459.)

3

The defendants walked M.H. into a nearby alley.  She repeatedly insisted she would not tell police what had happened.  Within minutes, multiple gunshots were fired.  Seven hit M.H., killing her.  One shot was fired into her head from close range; three others were fired into her chest.  The defendants left M.H. lying in the alley.  Her last words were, "I want my mom."

All three defendants returned to Lopez's house.  They formulated a plan to falsely claim that M.H. had tried to shoot them, so they beat her up and shot her.

Police officers recovered 11 nine-millimeter cartridges from the murder scene.  All were fired from the same gun.

Lloyd eventually admitted to a detective that he had sex with M.H., and that the story about her attempting to shoot the defendants was a lie.  He stated that she " 'was killed because she would have told the police how she got fucked up.' "  She had pleaded with him to help her, and " 'begged [him] not to let her be killed.' "  Lloyd's ex-girlfriend testified that Lloyd told her he killed M.H.

Lloyd, Cortez, and Lopez were tried together.  The court instructed the jury on felony murder and direct aiding and abetting, but not on the natural and probable consequences doctrine.  The jury convicted Lloyd and the other two defendants of first degree murder (§ 187), forcible rape (§ 261, subd. (a)(2)), and kidnapping (§ 207, subd. (a)).  It found true special circumstance allegations that all three defendants committed the murder in the commission of rape and kidnapping.  (§ 190.2, subd. (a)(17).)  The jury also found that during commission of the murder and kidnapping, Lloyd personally used a firearm (§§ 12022.5, subd. (a)) and a principal was armed with a firearm (§ 12022, subd. (a)(1)).  It found the same firearm enhancements

true as to Cortez and Lopez. The trial court sentenced Lloyd to life in prison without the possibility of parole, plus five years for personal use of a firearm.

This court affirmed the judgments against Lloyd and his codefendants. (*People v. Lloyd, et al.* (Apr. 25, 1996, B080005) [nonpub. opn.].)

II.     Section 1172.6 petition

In 2019, after passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Lloyd filed a petition for vacation of his murder conviction and resentencing. Using a preprinted form, he checked boxes stating that he had been convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; he was not the actual killer; he did not, with the intent to kill, aid and abet the actual killer; he was not a major participant in the felony or did not act with reckless indifference to human life; and he could not now be convicted of murder in light of changes to sections 188 and 189 effectuated by Senate Bill 1437. He also requested that counsel be appointed for him.

The trial court summarily denied the petition. Lloyd was not present and was not represented by counsel. The trial court noted that the jury had found the special circumstance allegations true. It recited the facts of the case as described in this Division's 1996 opinion and concluded that Lloyd "would still be found guilty with a valid theory of first degree murder" under section 189, subdivision (e)(3), that is, he was a major participant in the underlying felony and acted with reckless indifference to human life.

Lloyd appealed the order denying his petition. We affirmed the order, rejecting his argument that the trial court erred by

5

summarily dismissing his petition based on the jury's special circumstance finding, without appointing counsel for him. (*People v. Lloyd*, *supra*, B299456.)

Thereafter, our California Supreme Court issued *Strong*, *supra*, 13 Cal.5th 698 and *Lewis*, *supra*, 11 Cal.5th 952, both of which clarified the scope of section 1172.6. As we now explain and as the People concede, those cases require reversal of the order denying Lloyd's petition.

## DISCUSSION

Senate Bill 1437, which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure that a person's sentence is commensurate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) As relevant here, Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (*Gentile*, at p. 842.)

Senate Bill 1437 also added section 1172.6, which created a procedure whereby persons convicted of murder under a now-invalid felony-murder theory may petition for vacation of their convictions and resentencing. A defendant is eligible for relief under section 1172.6 if the defendant meets three conditions: (1) the defendant must have been charged with murder under a

6

theory of felony murder, (2) must have been convicted of first or second degree murder, and (3) could no longer be convicted of first or second degree murder due to changes to sections 188 and 189 effectuated by Senate Bill 1437. (§ 1172.6, subd. (a).) If a petitioner makes a prima facie showing of entitlement to relief, the trial court shall issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing at which the prosecution bears the burden of proving "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder" under the law as amended by Senate Bill 1437 (§ 1172.6, subd. (d)(3)).

Lloyd had challenged the trial court's order denying his petition on three grounds. First, the trial court erred by denying his petition without appointing counsel. Second, by examining the record of conviction prior to the appointment of counsel, the trial court engaged in an improper ex parte "investigation." And third, the trial court erred by finding him ineligible based exclusively on the jury's special circumstance findings, which predated our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). *Banks* and *Clark* "substantially clarified the law" regarding what it means to be a major participant who acts with reckless indifference to human life for the purposes of the special circumstance statute, section 190.2, subdivision (d). (*Strong*, *supra*, 13 Cal.5th at pp. 706, 721.)

As to Lloyd's first and second contentions, *Lewis*, *supra*, 11 Cal.5th at page 957, held that "petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the

7

record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' "  It is undisputed here that Lloyd filed a facially sufficient petition. Therefore, he was entitled to appointment of counsel.

As to Lloyd's third contention, *Strong*, *supra*, 13 Cal.5th at pages 719 to 720, held that a pre-*Banks* and *Clark* finding that the defendant was a major participant who acted with reckless indifference does not preclude the defendant from making a prima facie case for relief under section 1172.6, even if the trial evidence was sufficient to support the findings under *Banks* and *Clark*.  Applying that holding here, Lloyd's jury found true two special circumstances:  that the murder was committed while he was engaged in the crimes of rape and kidnapping.  (§ 190.2, subd. (a)(17).)  It was instructed that if Lloyd was not the actual killer (or if it could not determine whether he was), it could not find the special circumstances true unless it was satisfied beyond a reasonable doubt that he, with the intent to kill, directly aided and abetted the murder; or, with reckless indifference to human life and as a major participant, aided and abetted the underlying offenses of rape or kidnapping.

Because that special circumstance finding predated *Banks* and *Clark*, the finding does not preclude Lloyd's eligibility for possible resentencing.  Therefore, Lloyd is entitled not only to appointment of counsel but also to an evidentiary hearing under section 1172.6, subdivision (d)(3).

## DISPOSITION

The order denying Lloyd's petition is reversed and the matter is remanded with the direction to the trial court to appoint counsel for Lloyd, to issue an order to show cause, and to conduct an evidentiary hearing in accordance with Penal Code section 1172.6, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


I concur:


LAVIN, J.


EGERTON, J.

9